IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:25-CV-00228 (CAR) |
| | : | |
| ERIC BERNARD BROWN, | : | |
| ERICA MESCHELLE BROWN, THE | : | |
| UNITED STATES OF AMERICA; and | : | |
| ONEMAIN FINANCIAL GROUP, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER DISMISSING CASE

This Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction,[1] and Plaintiff responded.[2] For the reasons explained below, the Court **DISMISSES WITHOUT PREJUDICE** this action for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3). Accordingly, the Court **DISMISSES AS MOOT** Plaintiff's Motion for an Order Requiring Defendant Erica Meschelle Brown to Appear or Plead [Doc. 14].

---

[1] O.S.C., [Doc. 18].
[2] Pl.'s Resp., [Doc. 21].

1

## BACKGROUND

In this foreclosure action, Plaintiff asserts a state common law breach of contract claim against Defendants Eric and Erica Brown, and Plaintiff has joined as "Title Interest Defendants" the United States, "through its officer The Secretary of Housing and Urban Development" ("HUD"), and OneMain Financial Group, LLC.[3] Plaintiff seeks two types of relief: (1) judgment for the amounts the Browns owe Plaintiff under the loan and for attorneys' fees and costs and (2) judicial foreclosure of the property.[4] In the Complaint, Plaintiff states it "predicates this Court's jurisdiction on the claims it makes herein against an agency and/or officer of the United States of America."[5] Plaintiff does not allege (1) a specific statute grants subject matter jurisdiction to this Court; (2) this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[6] And Plaintiff does not cite or refer to any federal law or specify how the United States has waived its sovereign immunity.[7]

This Court ordered Plaintiff to show cause why this action should not be dismissed, expressing its concerns about whether it has subject matter jurisdiction over

---

[3] Compl. at 2-4, [Doc. 1].

[4] *Id.*

[5] *Id.* at ¶ 1.

[6] *Id.*

[7] *Id.*

this case.[8] In its response, Plaintiff contends this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2410.[9] Plaintiff has not moved for leave to amend its Complaint.

## DISCUSSION

District courts are courts of limited jurisdiction and may not hear a case where the court lacks jurisdiction over the subject matter of the dispute.[10] This Court must "inquire into subject matter jurisdiction *sua sponte* whenever it [appears jurisdiction] may be lacking[.]"[11] A "district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."[12] Thus, "[s]ubject matter jurisdiction is conferred and defined by statute."[13] A district court must presume a case falls "outside this limited jurisdiction[.]"[14] A district court must dismiss an action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction."[15] The party bringing the claim bears the burden of establishing subject matter jurisdiction.[16]

---

[8] O.S.C., [Doc. 18].

[9] Pl.'s Resp., [Doc. 21].

[10] *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005); *see also* Fed. R. Civ. P. 12(b)(1).

[11] *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

[12] *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).

[13] *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

[14] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[15] Fed. R. Civ. P. 12(h)(3); *see also Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992) ("[A] court *sua sponte* can raise a jurisdictional defect at any time, leading to dismissal of the relevant action.").

[16] *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

Although the Complaint makes no reference to 28 U.S.C. § 2410 or any other federal law, it appears Plaintiff contends this Court has subject matter jurisdiction under the specific statutory grant of 28 U.S.C. § 2410 and/or federal question jurisdiction under 28 U.S.C. § 1331.[17] But 28 U.S.C. § 2410 does not grant original subject matter jurisdiction, and this action does not arise under federal law.

**I. This Court does not have subject matter jurisdiction under 28 U.S.C. § 2410.**

"Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction."[18] 28 U.S.C. § 2410(a)(2) waives the United States' sovereign immunity to "actions or suits . . . to foreclose a mortgage or other lien upon . . . . real property on which the United States has or claims a mortgage or other lien" "under the conditions prescribed in [§ 2410] and [28 U.S.C. § 1444][.]"[19] Section 2410 does not confer original federal subject matter jurisdiction for all cases brought under that

---

[17] *See* Pl.'s Resp. at 2, [Doc. 21] ("THIS COURT HAS JURISDICTION PURSUANT TO 28. U.S.C.A. § 2410").
[18] *See Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002) (citing *City of Miami Beach v. Smith*, 551 F.2d 1370, 374 n.5 (5th Cir. 1977)); *see also Harrell v. United States*, 13 F.3d 232, 234-35 (7th Cir. 1993) (same); *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002) (same); *McNeill v. Franke*, 171 F.3d 561, 563 (8th Cir. 1999) (same); *Shaw v. United States*, 331 F.2d 493, 496 (9th Cir. 1964) (same); *North Dakota v. Fredericks*, 940 F.2d 333, 334–35 (8th Cir. 1991) ("28 U.S.C. § 2410 . . . is not an independent basis of federal jurisdiction."); 14 Wright & Miller's Federal Practice & Procedure § 3656 (4th ed.) (same).
[19] 28 U.S.C. § 2410(a)(2).

statute.[20] Instead, 28 U.S.C. § 1444—a removal statute—fills this jurisdictional gap.[21]

Section 1444 "independently confers federal removal jurisdiction in cases [brought under § 2410] in which the federal district court would not have original jurisdiction" because "§ 1444 confers a substantive right to remove, independent of any other jurisdictional limitations[.]"[22] Because this case was not removed from state court, this Court cannot have jurisdiction pursuant to § 2410 and § 1444.

**II. This Court does not have federal question jurisdiction under 28 U.S.C. § 1331.**

Plaintiff appears to argue that because Section 2410 created a cause of action for judicial foreclosure asserted against the United States, federal question jurisdiction under 28 U.S.C. § 1331 exists.[23] But Section 2410 does not create a federal law cause of action for

---

[20] *See City of Miami Beach v. Smith*, 551 F.2d 1370, 1374 n.5 (5th Cir. 1977); *see also United States v. Brosnan*, 363 U.S. 237, 246 (1960) ("[The] only apparent purpose [of 28 U.S.C. § 2410] is to lift the bar of sovereign immunity[.]"). Decisions of the Fifth Circuit rendered before October 1, 1981, are binding on this court under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[21] *See City of Miami Beach*, 551 F.2d at 1374 n.5 ("The United States was properly a defendant under 28 U.S.C. [§] 2410 (1970); removal was therefore proper under 28 U.S.C. [§] 1444 (1970)."); *see also* 14 Wright & Miller's Federal Practice & Procedure § 3656 (4th ed.) (same).

[22] *City of Miami Beach*, 551 F.2d at 1374 n.5. Many circuit courts agree with the Fifth Circuit's approach. *See id.*; *Hussain*, 311 F.3d at 635; *Leathers v. Leathers*, 856 F.3d 729, 750 (10th Cir. 2017); *Harrell v. United States*, 13 F.3d 232, 234-35 (7th Cir. 1993); *McNeill v. Franke*, 171 F.3d 561, 563 (8th Cir. 1999); *Aqua Bar & Lounge, Inc. v. U.S. Dep't of Treasury Internal Revenue Serv.*, 539 F.2d 935, 939 (3d Cir. 1976) (holding district court had original jurisdiction over action challenging the validity of a federal tax lien and sale because Section 2410 waived sovereign immunity and 28 U.S.C. § 1340 granted subject matter jurisdiction); *Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002) (holding 28 U.S.C. § 1340 granted subject matter jurisdiction but Section 2410's waiver of sovereign immunity did not apply); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105 (1st Cir. 2007) ("28 U.S.C. § 1444[] . . . confers upon the federal government an absolute right to remove to federal court[.]"); *see also* 14 Wright & Miller's Federal Practice & Procedure § 3656 (4th ed.) (same).

[23] *See* Pl.'s Resp. at 2, [Doc. 21] ("The Supreme Court has previously indicated that the law creates a cause of action against the government where it has an interest in the subject property[.]") (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4 (2005) (dictum)).

judicial foreclosure. And federal question jurisdiction does not exist otherwise because Plaintiff's sole claim for breach of contract seeking the remedy of judicial foreclosure is created by state law and does not implicate any significant federal issues. As a result, this Court does not have federal question jurisdiction under 28 U.S.C. § 1331.

"28 U.S.C. § 1331, the general federal question jurisdiction statute, grants federal district courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'"[24] "A case arise[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[25] Most often, "[a] case arises under federal law when federal law creates the cause of action asserted."[26] But "federal [question] jurisdiction over [] state law claim[s] will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[27] Thus, "the 'arising under' gateway into federal court in fact has two distinct portals': (1) 'litigants whose

---

[24] *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting 28 U.S.C. § 1331).

[25] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal quotation marks omitted).

[26] *Mignott v. State Bar of Georgia Found., Inc.*, 146 F.4th 1095, 1097 (11th Cir. 2025) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)).

[27] *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

causes of action are created by federal law,' and (2) 'state-law claims that implicate significant federal issues.'"[28]

To support its argument that Section 2410 created its cause of action for judicial foreclosure, Plaintiff cites *dicta* from the Supreme Court's opinion in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*[29] This Court is not persuaded.

Contrary to Plaintiff's assertion, the Supreme Court has not yet addressed whether Section 2410 creates a federal law cause of action for judicial foreclosure. In *Grable*, the Supreme Court stated in a footnote "[f]ederal law does provide *a quiet title* cause of action against the Federal Government[]" under 28 U.S.C. § 2410 and noted Section 2410 was "not relevant" because when the action was commenced, the United States "no longer [had] any interest in the [subject] property[.]"[30] *Grable* can easily be distinguished. First, *Grable* involved a quiet title claim premised upon an issue of federal tax law, not an action, as in this case, seeking judicial foreclosure.[31] Second, *Grable* was originally filed in state court and later removed to federal court which would have implicated Section 1444's jurisdictional grant had the United States been a defendant.[32] In other words, the original

---

[28] *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012) (quoting *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir.2006)).

[29] *See* Pl.'s Resp. at 2, [Doc. 21] (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4 (2005) (citing 28 U.S.C. § 2410) (dictum)).

[30] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4 (2005) (emphasis added) (citing 28 U.S.C. § 2410) (dictum).

[31] *Id.* Accordingly, the United States was never a party in *Grable. Id.* at 314-15.

[32] *Id.* at 311-12; *see City of Miami Beach*, 551 F.2d at 1374 n.5. If the plaintiff there had brought its quiet title claim against the United States under Section 2410, then Section 1444 would have supplied federal

jurisdiction of the district court was not at issue in *Grable*—unlike here.[33] As a result, *Grable* is wholly distinguishable from the present case.[34]

All relevant, binding precedent indicates Section 2410 merely waives the United States sovereign immunity under certain conditions.[35] Further, the statute's text does not expressly create a federal law cause of action by merely listing types of actions that are created by state law and mandating specific pleading requirements for them when the

---

jurisdiction upon removal regardless of any other jurisdictional limitations. *City of Miami Beach*, 551 F.2d at 1374 n.5.

[33] *Grable*, 545 U.S. at 312. Notably, the precise issue there was whether the district court had removal jurisdiction under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331. *Id.* ("Darue was entitled to remove the quiet title action if Grable could have brought it in federal district court originally, 28 U.S.C. § 1441(a), as a civil action 'arising under the Constitution, laws, or treaties of the United States,' [28 U.S.C.] § 1331.").

[34] The Eleventh Circuit has also not squarely addressed whether Section 2410 creates a federal law cause of action for judicial foreclosure. One could contend that the Eleventh Circuit shed some light on this question in *Saccullo v. United States*. 913 F.3d 1010, 1013 n.1 (11th Cir. 2019). Although the issue of subject matter jurisdiction was not raised by the parties, the *Saccullo* Court stated in a brief footnote that "[f]ederal question jurisdiction arises under 28 U.S.C. § 2410, which provides that district courts may hear quiet-title actions concerning property on which the United States has a lien." *Id. Saccullo* can also easily be distinguished. Like *Grable*, *Saccullo* involved a quiet title claim, not an action seeking judicial foreclosure. *Id* at 1013. The *Saccullo* Court did not address whether Section 2410 created a federal law cause of action but rather stated federal question jurisdiction existed under 28 U.S.C. § 1331 presumably because the plaintiff challenged the procedural validity of a federal tax lien which many circuit courts, including the Eleventh Circuit, have long held gives rise to federal jurisdiction. *Id.*; *see Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir. 1991) (collecting cases); *Love v. United States*, 503 F. App'x 747, 748 (11th Cir. 2013); *Harrell v. United States*, 13 F.3d 232 (7th Cir. 1993); *see also United States v. Brosnan*, 363 U.S. 237, 240 (1960) ("Federal tax liens are wholly creatures of federal statute. . . . Consequently, matters directly affecting the nature or operation of such liens are federal questions[.]"); 28 U.S.C. § 1331 (granting federal question jurisdiction); 28 U.S.C. § 1340 (granting original jurisdiction for cases arising under the internal revenue laws of the United States). The *Saccullo* Court cited Section 2410 (and referred to the language of Section 2410(a)) presumably because Section 2410(a) waived the United States' sovereign immunity—a prerequisite for federal subject matter jurisdiction when the United States has been sued. *See Johnson v. United States Congress*, 151 F.4th 1287, 1291 (11th Cir. 2025). As a result, the question before this Court has not been addressed by either the Supreme Court or the Eleventh Circuit.

[35] *See City of Miami Beach v. Smith*, 551 F.2d 1370, 1374 n.5 (5th Cir. 1977); *United States v. Brosnan*, 363 U.S. 237, 246 (1960).

8

United States has been joined as a defendant.[36] Section 2410 is a conditional waiver of the United States' sovereign immunity and nothing more.[37] Moreover, judicial foreclosure is a remedy, not a distinct cause of action.[38]

As a result, Plaintiff has not asserted a federal law cause of action by joining the United States as a "title interest defendant" under Section 2410(a)(2) in its Complaint asserting a state law breach of contract claim and seeking the state law remedy of judicial foreclosure for a property on which the United States holds a mortgage or other lien.[39] Accordingly, state law—not Section 2410 or any other federal law—created Plaintiff's sole

[36] *See McNeill v. Franke*, 171 F.3d 561, 564 (8th Cir. 1999) (holding causes of action brought under Section 2410 were not created by federal common law). 28 U.S.C. § 2410(a) provides as follows: "Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit *in any district court*, or in any State court *having jurisdiction of the subject matter--* (1) to quiet title to, (2) to foreclose a mortgage or other lien upon, (3) to partition, (4) to condemn, or (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a) (emphasis added). Moreover, Section 2410(b) provides, in pertinent part, "[t]he complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States[,]" and Section 2410(c) provides, in pertinent part, "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale. 28 U.S.C. § 2410(b),(c). The phrase "in any district court[] . . . having jurisdiction of the subject matter[]" indicates § 2410 does not independently grant subject matter jurisdiction or create a federal cause of action because the federal district court must already have some other basis of subject matter jurisdiction over the action before the conditional waiver of sovereign immunity can apply. *Id.*

[37] *Brosnan*, 363 U.S. at 246.

[38] *See U.S. Bank Nat'l Ass'n v. Ross*, No. CV H-15-2385, 2017 WL 2730769, at *1 (S.D. Tex. June 26, 2017) ("[J]udicial foreclosure is a remedy rather than a cause of action."); *see also* 1 Am. Jur. 2d Actions § 2 ("A cause of action is distinguishable from a remedy, which is the means or method by which the cause of action is satisfied.").

[39] *See McNeill v. Franke*, 171 F.3d 561, 564 (8th Cir. 1999) (holding district court lacked original subject matter jurisdiction over "garden-variety quiet title, breach of contract, and judicial foreclosure action" brought under Section 2410 because federal question jurisdiction did not exist); *see also Lakeview Loan Servicing LLC v. Lee*, 2025 WL 3221472, at *2 (N.D. Tex. Oct. 22, 2025), *report and recommendation adopted*, 2025 WL 3218913 (N.D. Tex. Nov. 17, 2025) (dismissing foreclosure action brought under Section 2410 for lack of subject matter jurisdiction); *Planet Home Lending, LLC v. Rivera*, 2025 WL 3635837 (N.D. Tex. Oct. 29, 2025), *report and recommendation adopted*, 2025 WL 3634192 (N.D. Tex. Dec. 12, 2025) (same).

cause of action for breach of contract seeking the remedy of judicial foreclosure. Thus, because Plaintiff's sole cause of action for breach of contract is created by state law and does not implicate any federal law issues, this Court does not have federal question jurisdiction under Section 1331.

## CONCLUSION

For the reasons explained above, the Court **DISMISSES WITHOUT PREJUDICE** this action for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3). Accordingly, the Court **DISMISSES AS MOOT** Plaintiff's Motion for an Order Requiring Defendant Erica Meschelle Brown to Appear or Plead [Doc. 14].

**SO ORDERED,** this 27th day of March, 2026.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT